*Gonzalez-Bran v. Garland*

BIA
Prieto, IJ
A206 729 535

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of December, two thousand twenty-four.

PRESENT:
　　　　DEBRA ANN LIVINGSTON,
　　　　　　*Chief Judge,*
　　　　BETH ROBINSON,
　　　　SARAH A. L. MERRIAM,
　　　　　　*Circuit Judges.*

_____

ANGELA MARIA GONZALEZ-BRAN,
　　　　*Petitioner,*

　　　v.                                                            23-6111
                                                                    NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
　　　　*Respondent.*

_____

FOR PETITIONER:     Reuben S. Kerben, Kerben Law Firm, P.C.,
                    Kew Gardens, NY.

FOR RESPONDENT:     Brian Boynton, Principal Deputy Assistant
                    Attorney General; Keith I. McManus,
                    Assistant Director; Lauren L. Taiclet, Trial
                    Attorney; Office of Immigration Litigation,
                    United States Department of Justice,
                    Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Angela Maria Gonzalez-Bran, a native and citizen of El Salvador, seeks review of a December 29, 2022, decision of the BIA affirming an August 16, 2019, decision of an Immigration Judge ("IJ") denying her application for asylum and withholding of removal.[1]  *See In re Angela Maria Gonzalez-Bran*, No. A 206 729 535 (B.I.A. Dec. 29, 2022), *aff'g* No. A 206 729 535 (Immigr. Ct. N.Y.C. Aug. 16, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA.  *See Xue Hong*

---

[1] Gonzalez-Bran also brought a claim under the Convention Against Torture before the agency but she does not pursue that claim on appeal to this Court.

*Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review fact-finding under the substantial evidence standard, and we review questions of law and the application of law to fact *de novo. See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Gonzalez-Bran alleged that local gang members extorted, threatened, and assaulted her because of her status as a female police officer and as a single mother. To establish eligibility for asylum and withholding of removal, she had to show her "race, religion, nationality, membership in a particular social group, or political opinion was . . . at least one central reason" for that harm. 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022). In other words, Gonzalez-Bran must "demonstrate a nexus between the persecution [she] alleges (or fears) and an asserted protected ground . . . ." *Jin Jin Long v. Holder*, 620 F.3d 162, 166 (2d Cir. 2010).

Substantial evidence supports the agency's conclusion that Gonzalez-Bran failed to demonstrate that her identity either as a female police officer or as a single mother was one central reason she was targeted by gang members. *See Edimo-*

*Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir. 2006) (reviewing nexus determination for substantial evidence). "The applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from [a protected ground]." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005). Substantial evidence supports the agency's finding that the gang members who threatened Gonzalez-Bran did so because of general criminal and financial motives – that is, they threatened to harm her because she refused to pay them, not because she was a police officer or a single parent. The only evidence even hinting at an identity-based motive is a March 2014 phone call demanding money in which the caller stated that he knew Gonzalez-Bran was a police officer and a single mother. But Gonzalez-Bran did not present evidence compelling the conclusion that there was a nexus between these attributes and the demand for money.

Asylum may be granted even where the persecutors have more than one motive. *See Acharya v. Holder*, 761 F.3d 289, 296–97 (2d Cir. 2014). But the protected ground "cannot be a minor, incidental, or tangential reason for the harm." *Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022). Rather, as noted, it must be a central reason for it. The people threatening Gonzalez-Bran

4

did not demand assistance related to her work as a police officer, nor did they explicitly suggest that her single parent status was a basis for their threats. Further, Gonzalez-Bran acknowledged that many others in her community – "different people, people who had stores, businesses, business men" – had received similar threats and extortion demands. Certified Administrative Record at 144. Accordingly, the agency's conclusion that the extortion demands she received had no nexus to a protected ground is supported by substantial evidence. *See Yueqing Zhang*, 426 F.3d at 545. Moreover, the physical injuries Gonzalez-Bran suffered in 2012 occurred as part of her ordinary duties as a police officer, rather than as part of the extortion scheme.

Finally, Gonzalez-Bran does not contend that she used her position as a police officer to engage in any political or societal action that would have triggered the threats against her. "Persecution on account of being a policeman . . . is not generally a basis for refugee status." *Acharya*, 761 F.3d at 296; *see also Castro v. Holder*, 597 F.3d 93, 106 (2d Cir. 2010) (noting that "an ordinary policeman targeted by criminals for taking routine law enforcement activities against isolated corrupt police officers in a system otherwise manifesting adherence to the rule of law" would not support a claim of political persecution).

5

For the foregoing reasons, the petition for review is DENIED.   All pending

motions and applications are DENIED and stays VACATED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court